UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER BUSBY,
KEVIN HAMILL,
JOHNATHAN GARCIA,
JOSEPH MONDAY,
ERIK THOMPSON,

    Petitioners,

v.

Case No. 2:20-11713
HONORABLE PAUL D. BORMAN

JONATHAN HEMINGWAY,

    Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241, DENYING THE MOTIONS FOR APPOINTMENT OF COUNSEL AND TO EXPEDITE MEDICATION REQUEST (ECF Nos. 10, 11), GRANTING THE MOTION TO WITHDRAW THE MOTION FOR A STAY (ECF No. 13), GRANTING THE PETITIONERS PERMISSION TO FILE A JOINT PETITION (ECF No. 14), GRANTING THE MOTION TO EXPEDITE (ECF No.15), AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Christopher Busby, Kevin Hamill, Johnathan Garcia, Joseph Monday, and Erik Thompson, ("Petitioners"), confined at the Federal Correctional Institution in Milan, Michigan (FCI-Milan) seek the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In their joint *pro se* application, Petitioners claim that they are at risk of contracting the Covid-19 virus while incarcerated at FCI-Milan. Petitioners allege that the Bureau of Prisons (BOP) is deliberately indifferent to their

1

medical needs. Petitioners seek to be released to home confinement until the Covid-19 pandemic subsides. Petitioners in the alternative ask this Court to grant them habeas relief based on the BOP's failure to approve them for compassionate release. For the reasons that follow, the petition for a writ of habeas corpus is DENIED WITHOUT PREJUDICE to allow Petitioners to raise their potential civil rights claims properly as a § 1983 action.

## I. BACKGROUND

Petitioners filed what they labeled an "Emergency Motion for Preliminary Injunction." The pleadings were construed by the Clerk's Office to be a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Respondent filed an answer to the petition. Petitioners in their reply admit that they are seeking habeas relief pursuant to 28 U.S.C. § 2241. (ECF No. 16, PageID.320).

Petitioners allege that the failure to test all staff and inmates at FCI Milan for Covid-19 puts them at risk of contracting the virus. Petitioners allege that the prison staff are not wearing Personal Protection Equipment (PPEs) to prevent the spread of Covid-19. Petitioners further claim that masks are not being provided to the inmates at FCI-Milan or are being provided in insufficient amounts. Petitioners claim that prisoners at FCI-Milan are often placed in crowded conditions that violate the social distancing protocols necessary to prevent the spread of the disease. Petitioners

allege that insufficient cleaning supplies are being made available to inmates. Petitioners seek a transfer to home confinement or compassionate release.

## II. DISCUSSION

### A. The motion to appoint counsel is DENIED.

There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). Because Petitioners' claims lack merit, in that they are non-cognizable in habeas review, the Court will deny Petitioners' request for the appointment of counsel. *See Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 788 (E.D. Mich. 2004).

### B. The motion to expedite medication request is DENIED.

Petitioner Busby filed a motion to have this Court order medical personnel at FCI-Milan to prescribe him Ritalin to treat his Attention Deficit Hyperactivity Disorder.

Petitioner's motion is denied because his request is unrelated to the allegations contained in this petition. Moreover, for reasons that will be explained in greater detail below, challenges to conditions of confinement cannot be brought in a habeas petition. The Court denies the motion without prejudice to Petitioner Busby filing a separate civil rights action in regards to his medication.

### C. The motion to withdraw the motion for a stay is GRANTED.

3

Petitioner Busby filed a motion to stay the proceedings. (ECF No. 12). Petitioner has now filed a motion to withdraw the motion to stay. (ECF No. 13). The motion to withdraw the motion to stay is GRANTED.

**D. The motion to file a joint habeas petition and to expedite the petition is GRANTED.**

Petitioners filed a formal motion to proceed with a joint action.

It is normally improper for different petitioners to file a joint habeas petition in which they seek relief from different convictions, sentences, or other forms of detention. *See Norton v. Parke,* 892 F.2d 476, 478 (6th Cir. 1989). Petitioners, however, appear to be challenging the same conditions of confinement at FCI-Milan. In the interests of justice, the Court will let the Petitioners proceed together. The Court also grants the motion to expedite the petition.

**E. Petitioners' claims are non-cognizable on habeas review.**

Where a federal prisoner's habeas petition seeks release from prison by claiming that no set of conditions of confinement would be constitutionally sufficient, the claim is properly construed as challenging the fact or extent of confinement, which is a cognizable habeas claim under 28 U.S.C. § 2241. *See Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) (citing *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011). On the other hand, conditions of confinement claims which seek relief in the form of improvement of prison conditions or a transfer to another

4

facility are not cognizable under § 2241. *Id.* (citing *Luedtke v. Berkebile,* 704 F.3d 465, 466 (6th Cir. 2013)).

Petitioners' claims are non-cognizable in habeas; Petitioners do not allege that no set of conditions of confinement would remedy the risk caused by Covid-19. Petitioners allege among other things that prison staff members are not following protocols for wearing face masks. Petitioners allege that insufficient face masks are being provided to prisoners. Petitioners allege that there is insufficient social distancing. Petitioners claim that there is insufficient sanitary equipment being provided to the inmates. Petitioner argues that the risk of Covid-19 transmission at FCI-Milan could be alleviated if facility wide testing for Covid-19 was ordered, if everyone was ordered to wear a face mask and to socially distance, and if adequate sanitary equipment was provided to all inmates. Petitioners do not allege that no conditions of confinement would be sufficient to prevent an irreparable constitutional injury at FCI-Milan; Petitioners' claims are non-cognizable in a habeas petition. *Wilson v. Williams*, 961 F.3d at 838.

Petitioners also seek a transfer to home confinement.

Under 18 U.S.C. § 3621(b), the Bureau of Prisons, not the judiciary, "is responsible for designating the place of a prisoner's imprisonment." *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015). A federal prisoner "enjoys no statutory or constitutionally protected right, or entitlement, to transfer to…home

confinement." *Heard v. Quintana*, 184 F. Supp. 3d 515, 521 (E.D. Ky. 2016). Petitioners are not entitled to habeas relief on this claim. *Id.*

Petitioners likewise cannot use a petition for a writ of habeas corpus to obtain compassionate release. *See Crowe v. United States*, 430 F. App'x 484, 484–85 (6th Cir. 2011). Petitioner Busby has already been denied a request for compassionate release from his sentencing judge. To the extent that the other Petitioners have not yet sought compassionate release from their sentencing judge, any such motion should be directed to the sentencing judge and not to this Court. *See Ambriz v. United States*, 465 F. Supp. 3d 630, 632 (N.D. Tex. 2020) (since the District Court had not been sentencing court, it lacked jurisdiction to consider compassionate release request; a district court, other than the sentencing court, lacks jurisdiction to consider a motion for modification of an imposed term of imprisonment. 18 U.S.C.A. § 3582(c)).

Petitioner's request for an order directing the FCI-Milan to test all of the inmates for COVID-19 is denied. Claims by a prisoner alleging a lack of testing for COVID-19 challenge the conditions of confinement and should be brought as a civil rights action and not as a petition for a writ of habeas corpus. *See Fahr v. Arizona,* No. CV2008114PCTDGCDMF, 2020 WL 3791535, at *3 (D. Ariz. 2020)*; Dillon v. Wolf*, No. 20-CV-479-SMY, 2020 WL 3316006, at *1 (S.D. Ill. 2020). Petitioners may file suit in federal court for damages arising from a violation of a plaintiff's

constitutional rights by persons acting under the color of federal law. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971).

This Court will not convert the habeas petition into a civil right action. Because of the vastly different procedural requirements for habeas petitions and other civil actions brought by prisoners, a court confronted with a habeas petition that is properly brought under 42 U.S.C. § 1983 or *Bivens* should dismiss the petition, rather than "converting" the petition to a civil action brought pursuant to § 1983 or *Bivens*. *See e.g. Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) (holding that the district court should have dismissed the habeas petitioner's § 2241 petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action rather than to re-characterize it as a § 2254 petition without notice to petitioner). The allegations are dismissed without prejudice to Petitioners filing a new civil rights complaint or complaints.

### III. CONCLUSION

The Petition for a Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is DENIED.

A certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241. *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004); Petitioners need not apply for one before filing an appeal from the denial of

7

their habeas petition. Petitioners are granted leave to appeal *in forma pauperis;* the appeal would be taken in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

## IV. ORDER

The Court **DENIES** the Petition for a Writ of Habeas Corpus.

The motion to appoint counsel (ECF No. 10) is **DENIED.**

The motion to expedite medical request (ECF No. 11) is **DENIED.**

The motion to withdraw the motion to stay (ECF No. 13) is **GRANTED.**

The motion to file a joint habeas petition (ECF No. 14) is **GRANTED.**

The motion to expedite the petition (ECF No. 15) is **GRANTED.**

Petitioners are **GRANTED** leave to appeal *in forma pauperis.*

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT COURT

Dated: January 29, 2021